**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KAREN CLOSKY,** individually and on behalf of all others similarly situated, | : : : | **CIVIL ACTION** |
| Plaintiff, | : : | |
| v. | : : | **NO. 25-6483** |
| **GUTTER NATION, LLC,** | : : | |
| Defendant. | : | |

## ORDER

**AND NOW,** this 30th day of March, 2026, upon consideration of Plaintiff Karen Closky's Motion to Commence Discovery to Obtain Records that Identify Putative Class Members (ECF No. 9), it is **HEREBY ORDERED** that the Motion is **GRANTED**.

It is **FURTHER ORDERED**:

1. Discovery shall be limited to the issues of class certification and damages.

2. Plaintiff may seek discovery from Defendant or third parties who may have information that could identify putative class members.

3. Discovery is limited to November 17, 2021 onward, *i.e.*, the time period which Plaintiff identifies as confining her class.

4. Such discovery shall be completed within 120 days of the date of this Order, at which point Plaintiff shall have fourteen days to file either a Motion for Class Certification or a Motion for Individual Default Judgment.[1]

BY THE COURT:


_____
Hon. Mia R. Perez

---

[1] Plaintiff Karen Closky brought this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, which creates a private cause of action by "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the" TCPA. 47 U.S.C. § 227(c)(5). The TCPA prohibits the initiation of any telephone solicitation to a residential telephone subscriber who has registered their telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2). This includes sending solicitation by text messages. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016) ("A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within th compass of § 227(b)(1)(A)(iii).").

In her Complaint, Closky alleges that her telephone number has been on the National Do Not Call Registry since April 2025. ECF No. 1 ¶ 19. Despite that, she alleges she received at least two unwanted telemarketing text message calls from Defendant Gutter Nation, LLC in October 2025. *Id.* ¶¶ 21–22, 37.

Closky brought a single class action claim against Defendant, on behalf of a class that includes Plaintiff and "[a]ll persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial." ECF No. 1 ¶ 43. Defendant has not answered or otherwise responded to the Complaint or participated in this litigation, and the Clerk of Court entered default on January 7, 2026. ECF No. 8.

Because Defendant has not entered an appearance, Closky has been unable to commence discovery and ascertain who sits within her putative class, meaning she cannot send appropriate notice to putative class members or move for class certification under Fed. R. Civ. P. 23, a prerequisite to default judgment on class claims. *See de Henriques v. William James Bushell Corp.*, No. 23-cv-2990, at *2 (S.D.N.Y. Sept. 1, 2023) ("[C]lass certification must be granted *before* default judgment is entered and not after. . . . Accordingly, there exists good cause for limited discovery to identify class members, to satisfy the elements of Rule 23, and to determine damages."); *see also Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir. 1974) ("Relief cannot be granted to a class before an order has been entered determining that class treatment is proper."). That is because discovery generally cannot begin until after the parties have met and conferred as required by Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1), (f)(1). However, a party may seek discovery before a Rule 26(f) conference pursuant to a court order. Fed. R. Civ. P. 26(d)(1). Closky, therefore, moves to commence discovery before the Rule 26(f) meeting "to commence discovery in the normal course in this matter, including through serving discovery on any third-party individual or entity that may have information that could identify putative class members." ECF No. 9 at 8.

District courts are afforded broad discretion in managing discovery. *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982). In other TCPA cases, when a plaintiff purports to bring class claims, but is unable to ascertain putative class members due to a defendant's failure to appear, courts have frequently allowed for plaintiffs to engage in expedited discovery to support a later motion for class certification, to aid in calculating damages, or to do both. *See, e.g, Bland v. Sprintfone Inc.*, No. 25-CV-00782, 2025 WL 2841010, at *1–2 (N.D.N.Y. Oct. 7, 2025) (finding

good cause to allow discovery to obtain records identifying putative class members); *Shelton v. Dep't of Transportation (DOT) Compliance Servs.*, No. 24CV2140, ECF No. 23 (E.D. Pa. Jan. 29, 2025); *Cleveland v. Nextmarvel, Inc.*, No. 23-1918, 2024 WL 198212, at *3-4 (D. Md. Jan. 18, 2024) (collecting cases). Generally, courts do so because "it would be unjust to permit a defendant's failure to participate in the case to prevent a plaintiff from establishing the elements of class certification." *Cleveland*, 2024 WL 198212, at *4.

Nevertheless, the scope of discovery is always limited in that it must be "relevant to any party's claim . . . and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Accordingly, at this time, Plaintiff shall limit discovery requests to those related to class certification and damages.