**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KAREN CLOSKY,** individually and on behalf of all others similarly situated, | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| **v.** | : | |
| | : | **NO. 25-6483** |
| **GUTTER NATION, LLC,** | : | |
| Defendant. | : | |

**ORDER**

**AND NOW,** this 11th day of September, 2026, the Court notes as follows:

1. On November 17, 2025, Plaintiff filed a Class Action Complaint against Gutter Nation, LLC ("Gutter Nation") on behalf of herself and "[a]ll persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial," asserting a claim under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. ECF No. 1.

2. On January 6, 2026, Plaintiff filed an affidavit of service, indicating service was effectuated on the Office Manager authorized to accept service for Gutter Nation on November 21, 2025. ECF No. 6.

3. Also on January 6, 2026, Plaintiff requested default against Gutter Nation. ECF No. 8.

4. On January 7, 2026, the Clerk of Court entered default against Gutter Nation, pursuant to Federal Rule of Civil Procedure 55(a).

5. On March 13, 2026, Plaintiff moved for an order permitting her to begin discovery to identify putative class members, ECF No. 9, which the Court granted on March 30, 2026, ECF No. 10.

6. Pursuant to the Court's March 30, 2026 Order, Plaintiff had 120 days to complete the limited discovery. ECF No. 10. That period ended on July 28, 2026.

7. Plaintiff then had 14 days to either move for class certification or move for individual default judgment against Defendant Gutter Nation. ECF No. 10. That deadline was August 11, 2026.

8. Plaintiff filed nothing before or on that date.

9. Instead of moving for class certification or default judgment against Defendant Gutter Nation, Plaintiff waited until September 10, 2026, to file a First Amended Class Action Complaint ("FAC"), adding two new defendants, Firm Foundations Marketing LLC and Osagie Noruwa. ECF No. 11.

10. The FAC asserts few new factual allegations related to conduct taken by Gutter Nation. Those new facts merely link Gutter Nation to the newly named Defendants whom Plaintiff believes Gutter Nation hired to conduct a telemarketing text message campaign, which included the messages sent to Plaintiff.

11. Plaintiff missed her deadline to move for class certification or individual default judgment against Defendant Gutter Nation. Her filing of an amended complaint against the same

would essentially restart the clock, undoing deadlines that she herself proposed and then missed, so that she can again seek default if Gutter Nation is properly served with the amended complaint and again fails to answer it or otherwise respond.

It is, therefore, **ORDERED** that, on or before **September 25, 2026,** Plaintiff shall show cause as to why her claims against Defendant Gutter Nation should not be dismissed, including whether any such dismissal would affect her claims against Firm Foundations Marketing and Osagie Noruwa.

BY THE COURT:

Hon. Mia R. Perez