**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**KAREN CLOSKY,** individually and on behalf of all others similarly situated,

*Plaintiff*,

*v.*

**GUTTER NATION, LLC**

*Defendant.*

Case No. 2:25-cv-6483

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**PLAINTIFF'S RESPONSE TO THE COURT'S SEPTEMBER 11, 2026 ORDER TO SHOW CAUSE (ECF No. 12)**

Plaintiff Karen Closky respectfully submits this response to the Court's September 11, 2026 Order directing her to show cause why her claims against Defendant Gutter Nation, LLC ("Gutter Nation") should not be dismissed, and whether any such dismissal would affect her claims against Defendants Firm Foundations Marketing LLC ("Firm Foundations") and Osagie Noruwa. ECF No. 12.

At the outset, Plaintiff and her counsel sincerely apologize to the Court. The Court's March 30, 2026 Order set a deadline that the Plaintiff proposed and Plaintiff did not meet it. Nor did Plaintiff seek an extension, advise the Court of the obstacles her discovery had encountered, or alert the Court that she intended to amend her complaint once the discovery identified the entities that actually sent the messages at issue. The Court should not have had to learn of those developments from an amended pleading. That was a lapse in case management for which counsel takes full responsibility, and it will not happen again.

As explained below, however, the lapse was not the product of inattention to the case itself. Throughout the discovery period, Plaintiff was pursuing a chain of third-party subpoenas across

multiple telecommunications providers, each of which pointed to the next, and which ultimately revealed the marketing vendor and individual who, Plaintiff alleges, Gutter Nation hired to conduct the text message campaign and are thus directly liable. Those parties are, on the present record, the ones most likely to possess the classwide messaging records on which class certification depends. Plaintiff amended as of right to add them, and respectfully submits that dismissing Gutter Nation now would reward the defaulting seller and prejudice the putative class at precisely the moment the evidence needed to resolve the case has come within reach. Plaintiff therefore asks the Court to discharge the Order to Show Cause and permit the case to proceed against all three Defendants, subject to firm deadlines and regular status reports to the Court.

## I. PLAINTIFF'S DISCOVERY EFFORTS

Following the Court's March 30, 2026 Order permitting limited discovery on class certification and damages, ECF No. 10, Plaintiff served a subpoena on Peerless Network, the carrier associated with the telephone number from which the messages were sent, (541) 645-6606.

On June 1, 2026, Peerless Network responded and identified infobip, a messaging platform provider, as the subscriber of record for the number. Peerless's response did not identify the business that actually used the number to send messages, so Plaintiff sent further inquiry to infobip. infobip did not respond until September 10, 2026. Its response supplied the missing link connecting the sending number to Signal House, another messaging company whom Plaintiff's research had also linked to the conduct at issue, and upon which the Plaintiff had issued a subpoena. Signal House, in turn, did not respond to Plaintiff's subpoena until June 13, 2026, in which it identified Firm Foundations Marketing LLC and Osagie Noruwa for the first time. However, without the missing link, that is, infobip identifying Signal House as infobip's customer,

the Plaintiff had no admissible evidence linking Singal House, and thus Defendants (customers of Signal House), to the calling conduct at issue.

In the meantime, Plaintiff also attempted to ascertain whether classwide calling records, including logs showing which telephone numbers were sent messages as part of the campaign, and when, could be obtained from either provider. Plaintiff has been unable to obtain a definitive answer as to whether such records exist in their possession or in a form either provider can produce, including owing to provisions of the Stored Communications Act as it pertains to message content. Without those records, Plaintiff could not responsibly move for class certification. As Plaintiff explained in seeking discovery, the calling records are what allow the Court and counsel to assess whether seeking class certification is feasible or warranted, consistent with Rule 11's mandate.

At the same time, moving for individual default judgment would have meant abandoning the class claims just as the parties most likely to hold the class records have only recently been identified. Plaintiff instead filed her First Amended Class Action Complaint on September 10, 2026, the same day that the missing link was obtained from Infobip, adding Firm Foundations and Mr. Noruwa as Defendants and alleging that Gutter Nation hired them to conduct the telemarketing text message campaign that included the messages sent to Plaintiff. ECF No. 11.

Plaintiff recognizes that when it became apparent the third-party responses would not arrive in time to meet the Court's schedule or that she intended to seek amendment as opposed to class certification, the correct course should have been to inform the Court and to move for an extension before the deadline passed. Plaintiff did neither, but respectfully submits that the delay was justified based on the delay in obtaining the discovery and in the desire to develop a strong factual narrative in the Amended Complaint, rather than any lack of diligence in prosecuting the case. Indeed, such course is more appropriate under Rule 23, as certification should only be

determined on a robust discovery and factual record. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (certification implicates a "rigorous" analysis that will require discovery and often overlap with the merits of the underlying claim).

## II. ARGUMENT

### A. Plaintiff Was Entitled to Amend Her Complaint as a Matter of Course.

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course within 21 days after serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The Complaint is a pleading to which a responsive pleading is required, and Gutter Nation has never served an answer or a Rule 12 motion. The period under Rule 15(a)(1)(B) therefore has never begun to run, and the First Amended Complaint, Plaintiff's first amendment, was filed as a matter of course. Nothing in the Court's March 30, 2026 Order set a deadline for amendment of the pleadings or otherwise foreclosed amendment.

Should the Court conclude that leave was required, whether under Rule 15(a)(2) or, to the extent it applies to the addition of parties, Rule 21, Plaintiff respectfully requests that the Court grant such leave *nunc pro tunc*. Leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a)(2), and should be denied only for reasons such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility. None is present here. The amendment rests on information Plaintiff obtained only through the discovery the Court authorized, was filed the same day after the final link in the chain was supplied, is Plaintiff's first amendment, and Gutter Nation, which has never appeared, cannot claim prejudice from it.

### B. Plaintiff Respectfully Requests That the Missed Deadline Be Excused.

Plaintiff acknowledges that she did not file a motion for class certification or for individual default judgment by August 11, 2026, as the March 30 Order required. To the extent the Court deems it necessary, Plaintiff respectfully requests that the Court extend that deadline under Federal Rule of Civil Procedure 6(b)(1)(B). The relevant considerations under this rule include the danger of prejudice to the opposing party, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Each consideration favors Plaintiff here. Gutter Nation has defaulted and suffers no prejudice. The delay was approximately one month, and it has not disrupted any trial date or other scheduled proceeding. The underlying reason for the delay, third-party providers' slow responses to subpoenas, was largely outside Plaintiff's control, even though Plaintiff's failure to inform the Court of it was not. And Plaintiff acted in good faith throughout, using the discovery period for exactly the purpose the Court authorized it identifying the sources of records, and potential additional defendants, that could identify putative class members and amending promptly.

### C. Dismissal Is Not Warranted Under the *Poulis* Factors.

Before dismissing claims as a sanction for failure to prosecute or to comply with a court order, a court in this Circuit must weigh the factors set out in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) any history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim. The Third Circuit has held that dismissal is a drastic sanction reserved for extreme cases. *Id.* at 867-70.

Here, the factors weigh against dismissal. *First*, the failure to seek an extension and keep the Court informed was counsel's, not Ms. Closky's. *Second*, Gutter Nation, which has ignored this action since it was served in November 2025, has suffered no prejudice. *Third*, there is no history of dilatoriness. Plaintiff served Gutter Nation within days of filing, promptly sought entry of default, promptly moved for discovery, and actively pursued that discovery throughout the period the Court allowed. This is the only deadline Plaintiff has missed. *Fourth*, the conduct was neither willful nor in bad faith, as Plaintiff's amendment was intended to advance the case toward a resolution on the merits, not to evade the Court's schedule. Plaintiff respectfully submits that the proposed amendment does so, including because it adds additional defendants from which the Plaintiff may yet be able to obtain class calling data and seek class certification. *Fifth*, alternative measures are readily available and effective, including the Court requiring firm deadlines for any renewed certification motion and requiring regular status reports, which Plaintiff proposes below. *Sixth*, Plaintiff's claim is facially meritorious. She alleges that her number was on the National Do Not Call Registry and that she received multiple telemarketing calls promoting Gutter Nation's services within a twelve-month period, which are the core elements of a claim under 47 U.S.C. § 227(c)(5). As a result, Gutter Nation should not be dismissed as a Defendant.

### D. Dismissing Gutter Nation Would Reward the Defaulting Defendant and Prejudice the Putative Class.

The classwide records needed to identify putative class members and determine damages are, on the present record, most likely in the possession of Firm Foundations and Mr. Noruwa, who Plaintiff alleges directly conducted the campaign on Gutter Nation's behalf. As such, the Amended Complaint pleads a theory of direct liability as against Firm Foundations and Mr. Noruwa and vicarious TCPA liability as against Gutter Nation. It is not yet known whether Firm Foundations and Mr. Noruwa will appear and defend. If they do, class discovery can proceed

through ordinary party discovery rather than a chain of third-party subpoenas. If they do not, Plaintiff will be in a position to evaluate, with an even more complete record, whether to seek class certification or individual relief.

Either way, that information bears directly on Gutter Nation's liability. The TCPA provides a cause of action for calls made "by or on behalf of" an entity like Gutter Nation, 47 U.S.C. § 227(c)(5), and a seller like Gutter Nation may be held vicariously liable for calls placed on its behalf using third party vendors like Firm Foundations under federal common law agency principles for TCPA violations. *In re Dish Network, LLC*, 28 FCC Rcd. 6574 (2013). Gutter Nation is the seller whose services the messages promoted. Dismissing Gutter Nation now would allow it to escape the consequences of its default at the very point that evidence of the full scope of its campaign is within reach, while the putative class members, who have done nothing to cause any delay, would lose the ability to pursue relief against the business that paid for, and benefitted from, the very marketing campaign in this action. Keeping all three Defendants in a single action is also the most efficient course. Where defendants are alleged to be jointly liable, courts have long recognized that entering judgment against a defaulting defendant while the claims against its co-defendants remain pending risks inconsistent adjudications. *See Freedom Med., Inc. v. Gillespie*, No. CV 06-3195, 2013 WL 12241133, at *1 (E.D. Pa. July 23, 2013). Proceeding against Gutter Nation, Firm Foundations, and Mr. Noruwa together allows the Court to resolve the liability of the seller and its vendors on a single record, whether through a classwide judgment or individual relief.

### E. The Effect of Any Dismissal on Plaintiff's Claims Against Firm Foundations and Mr. Noruwa.

In response to the Court's specific question, Plaintiff submits that dismissal of Gutter Nation would not, as a strictly legal matter, extinguish her claims against Firm Foundations and Mr. Noruwa. *See id.* As *Freedom* counsels, courts should ordinarily defer disposing claims against

defaulting defendants prior to resolving the liability of other, non-defaulting defendants, as doing otherwise will risk inconsistent adjudications. *Id.* Once Firm Foundations and Mr. Noruwa are served, this Court can then proceed to determine the appropriate course, including based on any responsive pleading.

Dismissal of Gutter Nation would affect Plaintiff's and the putative class claims in significant practical ways. *First*, the relationship between Gutter Nation and its vendors, including any contracts, lead lists, campaign instructions, and payments, is central to establishing the scope of the campaign, the identity of the class, and each Defendant's liability, and that evidence is best developed with all three parties before the Court. *Second*, it will allow to understand which messages were sent on Gutter Nation's behalf from that same number, as opposed to other customers of Firm Foundations and Mr. Noruwa, if any. *Third*, a dismissal without prejudice would likely lead only to a separate action against Gutter Nation arising from the same campaign, fragmenting the litigation and duplicating the burden on the Court and the parties, in addition to being disproportionate to a single missed deadline under the *Poulis* analysis above.

**F. Plaintiff Will Serve the Amended Complaint on All Defendants and Keep the Court Apprised.**

Plaintiff acknowledges, as the Court observed, that the First Amended Complaint supersedes the original Complaint, and that it must be served, including on the new Defendants. *See* Fed. R. Civ. P. 5(a)(2). To ensure that the Court remains fully informed going forward and that this case proceed expeditiously, Plaintiff respectfully proposes the following:

1. Plaintiff will serve the First Amended Complaint and summonses on all three Defendants as provided by the Rules and file proofs of service within 30 days of the Court's order on this response.

2. Within 14 days after the deadline for the last-served Defendant to respond to the First Amended Complaint, Plaintiff will file a status report advising the Court whether each Defendant has appeared, the status of Plaintiff's efforts to obtain classwide records, and a proposed schedule for class discovery and certification or, as appropriate, for motions for default judgment.

3. Plaintiff will file further status reports every 60 days thereafter, or on whatever schedule the Court prefers.

4. Should any circumstance impede Plaintiff's ability to meet further deadlines in this matter, Plaintiff will promptly advise the Court and seek any necessary extensions before the deadline expires.

## III. CONCLUSION

Plaintiff again apologizes to the Court for failing to meet the August 11, 2026 deadline and for failing to keep the Court apprised of her discovery efforts and her intention to amend. For the foregoing reasons, Plaintiff respectfully requests that the Court (1) discharge the Order to Show Cause without dismissing Plaintiff's claims against Gutter Nation; (2) deem the First Amended Complaint properly filed; and (3) adopt the schedule proposed above, or such other schedule as the Court deems appropriate.

Dated: September 21, 2026

Respectfully submitted,

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Counsel for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

I further certify that I mailed a copy of the foregoing to:

Gutter Nation LLC
630 Pasadena Dr.
Magnolia, NJ 08049

Dated: September 21, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong